IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACY DIEHM, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV130 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA POLICE | ) | MEMORANDUM AND ORDER |
| DEPARTMENT, and CITY OF OMAHA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This matter is before the court on defendant City of Omaha's motion in limine, Filing No. 68, and plaintiff's motion in limine, Filing No. 70. This is an action for discrimination in employment brought pursuant to Title VII, 42 U.S.C. § 2000e, the Civil Rights Act, 42 U.S.C. § 1983, and the Nebraska Fair Employment Act, Neb. Rev. Stat. § 48-1102. The Omaha Police Department hired plaintiff as a recruit in one of its recruiting classes. During one of the training exercises, plaintiff dislocated her shoulder and ultimately required surgery. After completing her surgery and rehabilitation, plaintiff's orthopaedic surgeon released her to return to the Omaha Police recruiting class. Plaintiff reapplied and ultimately Omaha Police Chief Carey determined that she should not be allowed to return as a recruit because of her shoulder injury. Plaintiff contends that injured male recruits and police officers are treated differently than are injured female recruits. Plaintiff filed her list of witnesses which included over fifty names of potential individuals who might testify, the majority of whom are current or former police officers.

**Defendant's Motion in Limine, Filing No. 68**

Defendant has asked the court to prohibit plaintiff from calling a number of witnesses. Plaintiff identified these witnesses as ones who would testify as to their injuries and subsequent treatment by the Omaha Police Department. These witnesses include recruits, applicants and police officers. Defendant contends that the majority of these fifty witnesses are not similarly situated to the plaintiff and are not relevant to the lawsuit.

One of the requirements that plaintiff must prove is that she suffered adverse employment action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 902 (1973). She must show that employees who were "similarly situated in all respects" to her were treated differently by the Omaha Police Department. *Phillip v. Ford Motor Co.*, 413 F.3d 766, 768 (8th Cir. 2005); *Gilmore v. AT&T*, 319 F.3d 1042, 1046 (8th Cir. 2003). *But see*, *Rodgers v. U.S. Bank*, 417 F.3d 845, 851 (8th Cir. 2005) (describes split in Eighth Circuit concerning the standard for determining whether employees are similarly situated, depending on whether it is applied at the prima facie stage or the pretext stage). However, the court notes that these cases are generally talking about the burden-shifting analysis that occurs at the summary judgment stage of a proceeding. Further, whether the court uses a higher or lower threshold in determining comparable employees is not issue dispositive in this case, as the outcome is the same under either approach.

The request by the plaintiff that she be permitted to call fifty witnesses, most of whom are police officers and not recruits, is unduly burdensome and not relevant. A number of these witnesses have illnesses and injuries that are not in any medical way comparable to the plaintiff's injury. Further, the court is cognizant of the fact, as argued by the defendant, that probationary employees are treated differently than are police

officers. Finally, the evidence would be cumulative at best. The court is not interested in turning this case into multiple mini-trials.

The court has carefully reviewed the motion, briefs, and evidence regarding this issue. The court finds the following categories will be permitted to testify at trial: (1) former and current recruits; (2) former and current applicants for the position of recruit; and (3) police officers who had a similar shoulder injury with similar surgery and treatment as did the plaintiff in this case. In addition, if there is one or more additional witnesses who do not meet criteria (1) through (3), plaintiff may make a special showing to the court that such a witness is relevant to the issues in this case, that such evidence is necessary to the trial, and that such evidence is not cumulative. The court will then decide if such testimony will be admissible.

**Plaintiff's Motion in Limine, Filing No. 70**

*Dr. James Mayer*

Dr. James Mayer has contracted with the City of Omaha to perform pre-placement screenings and second opinions. Plaintiff contends that Dr. Mayer's opinion lacks foundation, as he did not accurately consider plaintiff's injury, failed to adequately review her medical records, and failed to conduct any additional testing necessary to determine plaintiff's ability to return to the recruiting class. The court has reviewed the evidence and testimony submitted to date and concludes that the question is not one of admissibility but is one of weight. Accordingly, Dr. Mayer will be permitted to testify in this case.

*Jimmy Wilson, Jr. and Jason Pratt*

Plaintiff next suggests that testimony will be offered with respect to Jimmy Wilson, Jr. and Jason Pratt and their injuries. Defendant has represented in its brief to the court

that no evidence will be submitted as to either of these officers. Accordingly, the court will deny this motion as moot.

### Dustin Morris and Mark Dishaw

Plaintiff next asks this court to exclude the testimony of Dustin Morris and Mark Dishaw as nondiscriminatory comparables. Mr. Morris started a training program in 2000 and had seizures during his training. The police department transferred Mr. Morris to another position while his physician tried to determine the cause of the seizure. Mr. Morris is still employed by the Omaha Police Department as a Detention Supervisor.

With regard to Mr. Dishaw, plaintiff contends the police department terminated him as a recruit in 2001. Halfway through the class the recruits received a physical. Thereafter, Mr. Dishaw saw a cardiologist who believed Mr. Dishaw might need a pacemaker. The police department terminated Mr. Dishaw for health reasons.

Plaintiff believes that defendant should be prohibited from suggesting that these are comparables. As stated above, the court will permit evidence of different treatment given to individuals from the recruitment classes, even though the injury might not be identical. The jury will make the ultimate decision about the weight to give the testimony of each proffered witness.

### Paul Murphy

Plaintiff states that defendant is going to call Paul Murphy to testify about the decision to terminate plaintiff's employment. However, during his deposition, Mr. Murphy indicated that he had no knowledge about plaintiff's injury or who made the decision she could not perform the essential functions of her work. (Depo. Murphy, 17:9-18:4.) Defendant responds saying that Paul Murphy will be called to testify about his informational

gathering activities, but he will not testify as a decision-maker in this case. Accordingly, the court finds that this motion is likewise denied.

Accordingly,

IT IS ORDERED:

1. Defendant's motion in limine, Filing No. 68, is granted in part and denied in part as set forth herein; and

2. Plaintiff's motion in limine, Filing No. 70, is denied.

DATED this 5th day of December, 2005.

BY THE COURT:


**s/ Joseph F. Bataillon**
United States District Judge