IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACY DIEHM, | ) |
| Plaintiff, | ) 8:04CV130 |
| v. | ) MEMORANDUM AND ORDER |
| CITY OF OMAHA, | ) |
| Defendant. | ) |

This matter is before the court on the amended application of Tracy Diehm ("Diehm") for declaratory judgment and attorney fees and costs. Filing No. 105. Diehm seeks payment of her attorney fees in the amount of $27,513.50 and reimbursement of costs pursuant to 42 U.S.C. § 1988. Defendant City of Omaha ("the City") opposes the application, arguing Diehm did not seek injunctive relief, the case serves no public purpose, and the Omaha Police Department did not act with widespread animus. Additionally, the City contends that the number of hours billed are excessive, unreasonable, and not properly documented. The court has carefully reviewed the evidence, record, briefs in support and opposition, and the relevant case law. This court concludes that attorney fees and costs should be granted in this case.

This case began when Diehm brought a discrimination action against her former employer, the City, alleging discrimination on account of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Diehm filed a charge of discrimination with the Nebraska Equal Opportunity Commission and received a right to sue letter. The matter came before this court at a jury trial that ended on December 19, 2005. The jury found that gender was a motivating factor in Diehm's termination (Claim

1

I), but also found that the City would have terminated Diehm regardless of her gender. Filing No. 96. The jury found for the City on the issue of rehire, Claim II. *Id.*

The City contends that Diehm is not entitled to attorney fees because the jury ruled in favor of the City regarding the rehire issue. Generally, a party must be a "prevailing party" to obtain an award of attorney fees. 42 U.S.C. § 1988(b) (2006). The Eighth Circuit has noted "the degree of [a plaintiff's] success is 'the most critical factor' in determining a reasonable fee award." *Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005). The decision whether to award attorney fees is left to the sound discretion of the trial court. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005); *Harmon v. City of Kansas City*, 197 F.3d 321, 329 (8th Cir. 1999). Furthermore, the court may adjust fees upward or downward on the basis of the results obtained. *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In determining whether a plaintiff is a "prevailing party," where the plaintiff prevails on some, but not all of the claims the plaintiff asserts, the court may consider the significance of the issues on which the plaintiff prevailed and whether a public purpose was served or relief obtained that applied to others besides the plaintiff. *Willis v. Smith*, 2006 U.S. Dist. LEXIS 3151, *8 (D. Iowa 2006) (*citing Warnock*, 397 F.3d at 1026); *Farrar v. Hobby*, 506 U.S. 103, 121-122 (1992).

When a plaintiff successfully proves discrimination under 42 U.S.C. § 2000e-2(m), but the defendant demonstrates the plaintiff would have been terminated in any event, "the court may grant declaratory relief, injunctive relief . . . and attorney's fees and costs" directly attributable to the pursuit of a discrimination claim. 42 U.S.C. § 2000e-5(g)(2)(B)(i) (2006). The Eighth Circuit has determined that

> [if the claims] on which the plaintiff lost are related to those on which he won, the court may award a reasonable fee. The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole. If the plaintiff has won

2

> excellent results, he is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he did not win. If the plaintiff's success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained.

*Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997) (citations omitted); *see also Hensley,* 461 U.S. at 435. The jury found in favor of plaintiff on one issue in this case. An award of attorney fees in this case will likely frustrate further discrimination and encourage the City to adopt and monitor acceptable employment practices. Accordingly, this court finds that Diehm is entitled to attorney fees.

Having determined that Diehm is entitled to attorney fees, the beginning point for determining the amount of attorney fees is the lodestar, which is determined by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Hensley*, 461 U.S. at 433. In making this award, the court has considered the number of hours expended, complexity of issues, overall reasonableness, skill needed of the lawyers, customary fees, results obtained, and the undesirability of the case. *See Hensley,* 461 U.S. at 430 n.3 (1983); *Winter v. Cerro Gordo County Conserv. Board,* 925 F.2d 1069, 1074 n.8 (8th Cir. 1991); *U & I Sanitation v. City of Columbus,* 112 F. Supp. 2d 902, 904 (D. Neb. 2000).

Diehm's attorney, Michael Dowd ("Dowd"), claims 157.22 total hours expended on Diehm's entire case. Dowd has practiced labor and employment-related law for over sixteen years, and he is a partner at Dowd, Howard & Corrigan, LLC, a private law firm known for its labor and employment practice. Dowd submitted an affidavit detailing his experience and success in union and employment-related matters. Filing No. 105, Attachment 1, Dowd Amended Aff. ¶¶ 3, 5. Dowd maintains that $200.00 per hour is reasonable, but he has discounted his rate to $175.00 per hour in consideration of his inability to overcome "same decision" defense. *Id.* at ¶ 6. Dowd filed affidavits from Robert V. Broom and Gerald P. Laughlin who attest that $175.00 per hour is a reasonable and

customary charge for Dowd's services. Filing No. 101, Attachment 2, 3, Broom Aff., Laughlin Aff.

The court considers the billing descriptions provided by Dowd to be sufficiently detailed and free from redundancy or excess. Diehm maintains that a "common thread" exists in the discovery conducted in this case. Filing No. 111. The amount of time Dowd spent on depositions, discovery, motion practice, and trial preparation is appropriate given Dowd's need to prove the disparate treatment of Diehm compared to male police personnel. However, given that Diehm did not prevail on the issue of rehire and the jury concluded that the City would have terminated Diehm regardless, I must exclude 50% of the attorney hours from the application. A 50% "across-the-board" reduction reflects my "best judgment of the number of hours that should be deducted from the hours claimed in order to estimate the number of hours reasonably expended in these cases." *Tabech v. Gunter*, 869 F. Supp. 1446, 1460 (D. Neb. 1994).

Based on this evidence, I find that $175.00 per hour charged by Dowd is reasonable in light of his experience, the relevant legal market, and the degree of success obtained in this case. The number of hours reasonably expended, 157.22, multiplied by the reasonable rate of $175.00, totals $27,513.50. A 50% reduction of this amount results in attorney fees in the amount of $13,756.75, which I conclude is fair, reasonable, and in accordance with public policy interests. Pursuant to NEGenR 54.1 and in view of the jury finding in favor of Diehm on Claim I - Termination and in favor of the defendant on Claim II - Failure to Rehire, each party shall pay 50% of the costs assessed by the Clerk of Court in this case.

THEREFORE, IT IS ORDERED that the court declares plaintiff to be a prevailing party in this case. IT IS FURTHER ORDERED THAT the application for attorney fees in

the amount of $13,756.75 and for costs, Filing No. 105, is granted as set forth herein. A separate judgment will be entered in accordance with this memorandum and order.

DATED this 22nd day of March, 2006.

BY THE COURT:

**s/ Joseph F. Bataillon**
United States District Judge